**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **VICKI E. COFFMAN,** | ) | 8:07CV427 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **QC FINANCIAL, and QC HOLDINGS,** | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed her Complaint on November 6, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

**I.     SUMMARY OF COMPLAINT**

Plaintiff filed her Complaint on November 6, 2007, against two Defendants, QC Financial and QC Holdings (together, "QC"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff generally alleges she was employed by QC and requested a "modified work schedule." (*Id.* at CM/ECF p. 2.) Plaintiff alleges that her husband's doctor sent a letter to the Manager at QC indicating that Plaintiff "could only work 8 hrs/day" and that she needed to end her work day "by 5:00 p.m." so that she could care for her disabled husband. (*Id.*)

After management changes in March 2007, Plaintiff was informed that she would need to "close 3 nights per week." (*Id.* at CM/ECF p. 3.) Plaintiff renewed her request for a "modified work schedule" and was asked whether she was "giving [her] 2 week notice." (*Id.*) Plaintiff answered "no" and was told by her Area Manager that "this is your 2 wk notice." (*Id.*) Plaintiff requests that the court make her "whole again" and award damages for pain and suffering and emotional distress. (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where pro se plaintiffs proceeding in forma pauperis do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

As set forth in the Americans with Disabilities Act (the "ADA"):

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). Further, the word "discriminate" as used in this section, includes:

> [E]xcluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

42 U.S.C. §12112(b)(4); *see also Strate v. Midwest Bankcentre, Inc.*, 398 F.3d 1011, 1019 n. 7 (8th Cir. 2005) (recognizing protection under the ADA for individuals who associate with a qualified individual).

In order to state a claim for "association discrimination" under this section of the ADA, a plaintiff must allege that "(1) she was subjected to an adverse employment action, (2) she was qualified for the job at that time, (3) she was known by [Defendants] at the time to have a relative with a disability, and (4) the adverse employment action occurred under circumstances which raised a reasonable inference that the disability of the relative was a determining factor in [Defendants'] decision." *Hilburn v. Murata Elect. North America, Inc.*, 181 F.3d 1220, 1230-31 (11th Cir. 1999); *see also Dollinger v. State Ins. Fund*, 44 F. Supp. 2d 467, 480 (N.D.N.Y. 1999) (citations and quotations omitted). These allegations constitute a prima facie case, and are required to show a "causal connection" between a defendant's knowledge of an association with a disabled individual and an adverse employment action. *Dollinger*, 44 F. Supp. 2d at 480.

Liberally construed, Plaintiff here has alleged that QC knew that her husband had a disability. However, Plaintiff has not alleged that she was qualified for her job, that an adverse employment action occurred, or that her husband's disability was a "determining factor" in an adverse employment action. In short, Plaintiff's allegations fail to state a claim upon which relief may be granted. However, the court grants Plaintiff 30 days in which to amend her Complaint in accordance with this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **March 14, 2008,** to amend her Complaint to clearly state a claim on which relief can be granted against Defendants QC Financial and QC Holdings. In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without further notice;

2. No summons will be issued until after the amendment of the Complaint in accordance with this Memorandum and Order;

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **March 14, 2008**;

4. The Clerk of the court is directed to terminate the pro se first assessment deadline in this matter; and

5. Plaintiff shall keep the court informed of her current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

DATED this 13th day of February, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge