**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **VICKI E. COFFMAN,** ) | **CASE NO. 8:07CV427** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **QC FINANCIAL and QC HOLDINGS,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 14.) As set forth below, Defendants' Motion is granted.

## I. BACKGROUND

Plaintiff filed her Complaint against Defendants on November 6, 2007. (Filing No. 1.) Upon initial review of the Complaint, the court ruled that Plaintiff failed to state a claim upon which relief may be granted and permitted Plaintiff an opportunity to amend her Complaint. (Filing No. 6 at CM/ECF p. 3.) Plaintiff thereafter filed an Amended Complaint, which the court deemed sufficient to allow this case to proceed to service.[1] (Filing Nos. 7 and 8.)

On May 28, 2008, Defendants filed their Motion to Dismiss and Brief in Support, which argues that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (Filing Nos. 14 and 15.) Specifically, Defendants argue that Plaintiff's claims should be dismissed because, under federal law, Plaintiff is not entitled to a modified schedule to care for her disabled husband. Because Plaintiff alleges that she was

---

[1]Amended pleadings filed by a pro se plaintiff may be considered as supplemental to, rather than as superseding, the original pleading. NECivR 15.1(b). The court treats the Amended Complaint as supplemental to the original Complaint for purposes of this Motion to Dismiss.

terminated "solely because [of her] need for a modified schedule," Defendants argue that the Amended Complaint fails to state a claim upon which relief can be granted. (Filing No. 14.) Plaintiff did not file a response to the Motion to Dismiss.

## II. DEFENDANTS' MOTION TO DISMISS

### A. Motion to Dismiss Standard

The standard on a motion to dismiss is the same as that previously applied on initial review of the Complaint. In short, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### B. Plaintiff's "Association" Discrimination Claims

As set forth in the Americans with Disabilities Act (the "ADA"):

No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). Further, the word "discriminate" as used in this section, includes:

> [E]xcluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

42 U.S.C. §12112(b)(4); *see also* Strate v. Midwest Bankcentre, Inc., 398 F.3d 1011, 1019 n. 7 (8th Cir. 2005) (recognizing protection under the ADA for individuals who associate with a qualified individual).

"Few courts have had the opportunity to analyze claims brought under § 12112(b)(4)." Overley v. Covenant Transp., Inc., 178 F. App'x 488, 493 (6th Cir. 2006); *see also* Larimer v. International Bus. Mach. Corp., 370 F.3d 698, 700 (7th Cir. 2004) (discussing the scope of the "rarely litigated . . . association section" and noting that this 2004 case is the Seventh Circuit's "first" under § 12112(b)(4)). The court has not located any in-depth analysis of the scope of § 12112(b)(4) by the Eighth Circuit,[2] and therefore must look elsewhere for guidance.

In order to state a claim for "association discrimination" under § 12112(b)(4) of the ADA, a plaintiff must allege that "(1) she was subjected to an adverse employment action, (2) she was qualified for the job at that time, (3) she was known by [Defendants] at the time to have a relative with a disability, and (4) the adverse employment action occurred under circumstances which raised a reasonable inference that the disability of the relative was a determining factor in [Defendants'] decision." Hilburn v. Murata Elect. N. Am., Inc., 181 F.3d 1220, 1230-31 (11th Cir. 1999); *see also* Dollinger v. State Ins. Fund, 44 F. Supp. 2d

---

[2]Although *Strate* recognized a claim under the ADA for individuals who associate with a qualified individual pursuant to § 12112(b)(4), it was addressed in a footnote. *Strate,* 398 F.3d at 1019 n. 7. There was no discussion regarding the scope of § 12112(b)(4). Rather, the court assumed that the plaintiff had made a prima facie case of discrimination and focused on whether the defendant had legitimate, nondiscriminatory reasons for terminating the plaintiff. *Strate,* 398 F.3d at 1019.

3

467, 480 (N.D.N.Y. 1999) (citations and quotations omitted).  These allegations constitute a prima facie case, and are required to show a "causal connection" between a defendant's knowledge of an association with a disabled individual and an adverse employment action. *Dollinger,* 44 F. Supp. 2d at 480.  However, where an individual cannot meet the attendance requirements of a job, even because of a relative's disability, the person is not qualified and cannot set forth a prima facie case of discrimination.  *Overley,* 178 F. App'x at 493 (citations omitted).

Further, in cases where a relative of the employee is disabled, but the employee herself is not disabled:

> [A]n employer need not provide the applicant or employee without a disability with a reasonable accommodation because that duty only applies to qualified applicants or employees with disabilities.  Thus, for example, an employee would not be entitled to a modified work schedule as an accommodation to enable the employee to care for a spouse with a disability.

*Den Hartog v. Wasatch Acad.*, 129 F.3d 1076, 1083-85 (10th Cir. 1997) (quoting 29 C.F.R. § 1630.8, other citations omitted); *see also Den Hartog v. Wasatch Acad.*, 129 F.3d 1076, 1083-85 (10th Cir. 1997); *Tyndall v. National Educ. Ctrs., Inc.*, 31 F.3d 209, 214 (4th Cir. 1994).  Putting it all together:  where an employer terminates an employee due to her failure to meet her attendance obligations, but the failure to meet her attendance obligations is due only to her need for a modified schedule to care for a disabled relative, there is no cause of action under § 12112(b)(4) simply because the employer refuses to accommodate the need for a modified schedule.

Plaintiff's Amended Complaint details her excellent work performance and favorable performance reviews.  (Filing No. 7 at CM/ECF p. 1.)  Importantly, Plaintiff does not allege that she is disabled, but alleges only that her husband is disabled and requires her assistance.  (*Id.* at CM/ECF pp. 2-3.)  Summarized, Plaintiff alleges that, after management

4

changes in March 2007, Plaintiff was informed that she would need to "close 3 nights per week." (Filing No. 1 at CM/ECF p. 3.)  In response, Plaintiff renewed her request for a "modified work schedule" and was asked whether she was "giving [her] 2 week notice." (*Id.*)  When Plaintiff answered "no," her Area Manager stated that "this is your 2 wk notice." (*Id.*)  Plaintiff alleges that Defendants were aware of her "need for the modified [work] scheduled due to, *and only due to*, the fact that [her] husband was disabled." (Filing No. 7 at CM/ECF p. 2, emphasis added.)  Plaintiff further alleges that she "was forced out of [her] job by both the new manager and area manager *solely* because [of her] need for a modified schedule.  And that need for such schedule was *only* because of [her] husbands [sic] disability and his need to have [her] present in the home in the evenings." (*Id.* at CM/ECF p. 3, emphasis added.)

   Plaintiff claims that she was required to work three nights per week, but that she was unable to do so as a result of her disabled husband's needs.  She communicated her inability to work the requested hours to her manager and was terminated "solely" because her manager did not accommodate her request to work less than three nights per week.  As set forth above, Plaintiff has no legal right to such an accommodation based only on her husband's disability.  Plaintiff was unable to meet the attendance requirements of the job without an accommodation to which she was not entitled.  In light of this, Plaintiff was not qualified for the position and cannot set forth a prima facie case of discrimination under § 12112(b)(4).  Therefore, even with the most liberal construction of the Amended Complaint, Plaintiff's allegations fail to state a claim upon which relief may be granted and are dismissed.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss ([Filing No. 14](#)) is granted; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 29th day of August, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge